UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON M. HIGH WOLF,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:18-CV-05007-JLV<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on movant Clayton M. High Wolf's motion to vacate, correct, or set aside his criminal judgment of conviction pursuant to 28 U.S.C. § 2255.  See Docket No. 1.[1]  The respondent the United States of America ("government"), has moved to dismiss Mr. High Wolf's motion without holding an evidentiary hearing.  See Docket No. 7.  This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge.

---

[1] The court refers to documents filed in this, Mr. High Wolf's § 2255 action, by simply noting the court's docket number.  The court refers to documents filed in Mr. High Wolf's underlying criminal action, United States v. High Wolf, CR 5:14-cr-50093 (D.S.D.), by inserting the abbreviation "CR" before the docket number of the document from the criminal case.

**FACTS**

**A.     Proceedings Before the District Court**

The facts pertinent to Mr. High Wolf's current motion are as follows.  On July 17, 2014, a Rapid City South Dakota police officer effected a traffic stop of a vehicle Mr. High Wolf was driving because of an improper license plate light.  See United States v. High Wolf, 5:14-cr-50093 (hereinafter "CR"), Docket No. 25 at p. 1 (D.S.D.).  The officer discovered Mr. High Wolf had an outstanding arrest warrant and placed him under arrest.  Id.  A search of his person disclosed .22 caliber bullets in his front pants pocket and a .22 caliber handgun under the front passenger seat of his vehicle.  Id.

Mr. High Wolf was indicted federally for possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) on September 23, 2014.  CR Docket No. 1.  Mr. High Wolf's prohibited status was based on his prior felony conviction.  Id.

Mr. High Wolf moved to suppress the fruits of the search stemming from the traffic stop, asserting that the traffic stop had been an illegal seizure under the Fourth Amendment.  CR Docket No. 24.  He also moved to suppress certain statements he made.  Id.  After holding an evidentiary hearing, the court granted in part and denied in part the suppression motion.  CR Docket Nos. 32 and 46.  The physical evidence from the traffic stop was ruled admissible at trial, but certain of Mr. High Wolf's statements were suppressed.  Id.

Mr. High Wolf proceeded to trial and, on January 7, 2016, was convicted of possessing both the firearm and the ammunition.  See CR Docket No. 80.

The district court sentenced Mr. High Wolf on April 15, 2016, to 92 months' imprisonment.  See CR Docket No. 95.

**B.     Direct Appeal**

Mr. High Wolf appealed, raising the sole issue whether the district court had erred in ruling on his motion to suppress.  CR Docket No. 96; United States v. High Wolf, No. 16-2149, Appellant's Brief, Entry ID 4441899, p. 1 (8th Cir. Aug. 26, 2016).  Specifically, Mr. High Wolf argued that the police officer's testimony at the suppression hearing was insufficient to provide support for the legality of the traffic stop because the officer's testimony was not credible.  High Wolf, No. 16-2149, Appellant's Brief, Entry ID 4441899, p. 1.  On January 26, 2017, the Eighth Circuit affirmed the district court, holding the assessment of a witness' credibility is within the province of the district court and that the district court's finding was not clearly erroneous.  CR Docket No. 115 at p. 4.

**C.     Mr. High Wolf's Claims For Relief Under § 2255**

   **1.     Ground Number 1**

Following the culmination of his direct appeal, Mr. High Wolf timely filed with this court his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255.[2]  In his first ground for relief, Mr. High Wolf asserts his

---

[2] Mr. High Wolf had 1 year plus 90 days from the date the Eighth Circuit issued its mandate to file his § 2255 motion with this court.  See 28 U.S.C. § 2255(f); United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (For the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

3

due process right under the Fourteenth Amendment was violated when the government influenced the prosecutor for the state of South Dakota to dismiss its state court case against Mr. High Wolf, "clear[ing] the way for a prosecution in the District Court of the United States."  See Docket No. 1 at p. 2.

Mr. High Wolf also argues this same action by the government violated the state of South Dakota's rights under the Tenth Amendment to bring and prosecute its own felony cases.  Id.  Mr. High Wolf also argues the government's action violated the Ninth Amendment because the government had "no right to interf[ere] with Mr. High Wolf's rights to due process of law until both the State of South Dakota and Mr. Clayton High Wolf were fully afforded their day in court, to the satisfaction of both parties."  Id.

2.     **Ground Number 2**

Mr. High Wolf alleges his due process right under the Fifth Amendment was violated because the firearm found in his possession was not possessed "in or affecting interstate commerce" as required by 18 U.S.C. § 922(g)(1).  Id. at p. 3.  The evidence adduced at trial showed the firearm in question was purchased in a local gun store in South Dakota and that South Dakota state sales tax was paid on that purchase.  Id.  Since items moving in interstate commerce cannot be taxed until they cease to move in interstate commerce,

---

certiorari petition expires.").  The time for filing a petition for certiorari is 90 days after entry of the Court of Appeals' judgment.  Clay, 537 U.S. at 525. Here, the Eighth Circuit issued its mandate on March 16, 2017.  See CR Docket No. 118.  Therefore, Mr. High Wolf had until June 14, 2018, to file his § 2255 motion.

Mr. High Wolf posits that the assessment of South Dakota state sales tax on the gun in question shows that the gun had been "transferred into the realm of 'intrastate' commerce." Id.

### 3. Ground Number 3

Mr. High Wolf alleges the jury verdict against him is void because it was obtained through the use of fraud, slander and libel. Id. at p. 4. In support of this ground, Mr. High Wolf argues the Rapid City Police officer who testified at trial, Carmen Visan, testified with reckless disregard for the truth and that the government then made "full and knowing use of this testimony" without exposing its falsity. Id. Mr. High Wolf asserts the government's actions in failing to expose the false nature of Ms. Visan's testimony violated his Fifth Amendment due process right as well as his First Amendment right to petition the government for redress of grievances. Id. at p. 5.

### 4. Notice of Intent to Appeal—Docket No. 1-1

When Mr. High Wolf filed his § 2255 motion, he also filed the same day a document entitled "Notice of Intent to Appeal Pursuant to 28 U.S.C. § 2255." See Docket No. 1-1. In that document, Mr. High Wolf stated he had had limited access to the law library in prison due to being held in administrative segregation. Id. at p. 1. Mr. High Wolf indicated the § 2255 motion he filed was incomplete and he intended to supplement that motion within 60 days. Id. at p. 2. Sixty days from the date of filing (January 29, 2018) would have been March 30, 2018. Mr. High Wolf never did file a supplement to his original § 2255 motion.

**D.      Government's Motion**

The government moves to dismiss Mr. High Wolf's § 2255 motion without holding an evidentiary hearing.  See Docket No. 7.  The basis for the government's motion is that Mr. High Wolf could have raised each of his three grounds for relief in his direct appeal and did not.  See Docket No. 9 at p. 4.  Since Mr. High Wolf did not raise those issues on appeal, they are now procedurally defaulted.  Id.  Barring a claim of actual innocence, or the establishment of cause and prejudice excusing the default, the government asserts the court cannot hear the merits of Mr. High Wolf's claims.  Id.

Nearly three months after the government filed its motion, Mr. High Wolf filed a "memorandum of law pursuant to 28 U.S.C. § 2255" which the court construes to be a response in opposition to the government's motion.  See Docket No. 10.  Mr. High Wolf argues the government's motion does not take into account his supplemental pleadings, specifically Docket No. 1-1.

## DISCUSSION

**A.      Scope of a § 2255 Motion**

Section 2255 of Title 28 of the United States Code was enacted to supersede habeas corpus practice for federal prisoners.  Davis v. United States, 417 U.S. 333, 343-44 (1974).  Section "2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  Id. at 343.  Prior to the enactment of § 2255, habeas claims had to be brought in the district where the prisoner was confined, resulting in overburdening those districts where federal correctional institutions were located and presented

logistical issues because the record in the underlying criminal case were often in a distant location.  United States v. Hayman, 342 U.S. 205, 212-16 (1952).  The enactment of § 2255 resolved these issues by requiring that the motion be filed in the sentencing court.  Id.

The scope of a § 2255 motion is seemingly broader than the scope of a habeas petition, the latter of which is typically limited to allegations of a constitutional dimension.  Section 2255 allows a federal prisoner to "vacate, set aside or correct" a federal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  See 28 U.S.C. § 2255.  Where the allegation for relief is *not* based on a violation of a Constitutional or federal statutory right or an assertion that the court was without jurisdiction, the Supreme Court has read a "fundamentality" requirement into § 2255--relief is available for only those errors which constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  Hill v. United States, 368 U.S. 424, 428 (1962); see Peguero v. United States, 526 U.S. 23, 27-30 (1999).

**B.   Mr. High Wolf Has Procedurally Defaulted All of His Claims**

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal.  United States v. Frady, 456 U.S. 152, 167-68 (1982); McNeal v. United States, 249 F.3d 747, 749 (8th Cir.

7

2001). When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either: (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and actual prejudice to the petitioner. Bousley v. United States, 523 U.S. 614, 621-22 (1998); McNeal, 249 F.3d at 749. Therefore, barring a claim of actual innocence, a petitioner must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors.

Appellate courts generally refuse to review claims of ineffective assistance of counsel on direct appeal; such claims are, therefore, properly addressed in a 28 U.S.C. § 2255 motion. See United States v. Campbell, 764 F.3d 880, 892-93 (8th Cir. 2014); United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004) (ineffective assistance of counsel claims are not generally cognizable on direct appeal and will be heard only to prevent a miscarriage of justice or in cases where the district court has developed a record on the issue). However, Mr. High Wolf has not asserted any claims of ineffective assistance of counsel. Therefore, procedural default analysis applies to each of his claims.

As described above in the FACTS section of this opinion, the only issue raised on appeal by Mr. High Wolf was the district court's denial of his motion to suppress the physical evidence garnered by police as a result of the traffic stop of Mr. High Wolf's vehicle. The three grounds Mr. High Wolf asserts in his § 2255 motion before this court were not included as grounds in his direct

appeal. Therefore, under the above-discussed case law, Mr. High Wolf has procedurally defaulted all three of his § 2255 grounds for relief.

**C.      Mr. High Wolf Has Not Made the Necessary Showing to Allow the Court to Consider His Claims on Their Merits**

When a movant files a claim in a § 2255 motion that is procedurally defaulted because that claim was not raised in the movant's direct appeal, the movant must demonstrate cause excusing the default and actual prejudice resulting therefrom. Bousley, 523 U.S. at 622. Mr. High Wolf makes no attempt to demonstrate cause and prejudice.

Alternatively, a movant can excuse a procedural default by demonstrating a fundamental miscarriage of justice—i.e. that a constitutional violation has resulted in the conviction of one who is actually innocent. Bousley, 523 U.S. at 622; United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001). Mr. High Wolf asserts the bare-bones claims of "(4) Actual Innocence, and (5) Factual Innocence," but he does not elaborate on these bare-bones assertions in any way. See Docket No. 10 at p. 1.

"Actual innocence" is not an independent constitutional claim upon which habeas relief can be granted; instead, it is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995). Actual innocence means factual innocence, it does not mean mere legal insufficiency. Bousley, 523 U.S. at 623. Actual innocence claims are rarely successful as they require the petitioner to carry an exacting burden. Schlup, 513 U.S. at 324.

9

In order to show actual innocence, Mr. High Wolf must (1) produce "new reliable evidence" not presented previously; and (2) he must "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he pleaded guilty and was convicted." Schlup, 513 U.S. at 324; United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999).

Mr. High Wolf makes no attempt to demonstrate that he has discovered any new evidence. Instead, he argues that his conviction should be overturned because the government failed to prove an essential element of the crime, namely that the firearm he possessed had traveled in or affecting interstate commerce. This argument, even if it were true, does not constitute the showing of newly discovered evidence required to assert a claim of actual innocence to excuse a procedural default. The facts pertaining to this claim were apparent to Mr. High Wolf as of the conclusion of his trial—the facts are not new, nor can they be characterized as newly discovered.

Furthermore, a claim that the government failed to adduce sufficient evidence to prove an element of the crime does not rise to the level of a constitutional or otherwise cognizable claim under § 2255. See Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). In Anderson, the § 2255 movant also argued that the government failed to prove an element of the felon-in-possession-of-a-firearm charge, in that case, it was the proof of the underlying felony conviction which the movant claimed had not been proved. Id. The court characterized Anderson's claim as a "nonconstitutional"

10

"nonjurisdictional" claim which did not rise to the level of fundamentality required under § 2255.  Id.  In addition, even if the court accepted Anderson's assertions as true, the court held he showed only "legal innocence," not "factual innocence" as required under the actual innocence exception to the procedural bar rule.  Id. at 706-07.

The Anderson case is fatal to Mr. High Wolf's claim.  His argument in ground number 2 of his motion does not rise to the level of a constitutional or fundamental error as required by § 2255.  As to procedural default, his claim does not establish "actual innocence" either, but only "legal innocence."  Furthermore, as to grounds one and three in his motion, Mr. High Wolf never articulates any new evidence he claims to have discovered as required by Schlup.

Mr. High Wolf alleges he never received a copy of the government's motion to dismiss until May 15, 2018, when a third party obtained a copy of that pleading and provided it to Mr. High Wolf.  See Docket No. 10 at p. 2.  This is contrary to the government's certificate of service, signed under oath.  See Docket No. 9, p. 8.  Nevertheless, the court notes that today is July 13, 2018, nearly two months after Mr. High Wolf admits he received the government's motion via the third party.  If there were other pleadings he wished the court to consider, he could have filed them within the last two months.  He did not do so.  In light of Mr. High Wolf's failure to act, his asserted late receipt of the government's motion (a proposition about which the court is extremely dubious), does not provide a basis for denying the government's motion.

11

This court concludes that Mr. High Wolf has procedurally defaulted his claims by failing to raise them on direct appeal. Further, the court concludes he has failed to make a *prima facie* showing of any facts that would excuse that procedural default. Accordingly, this court respectfully recommends that Mr. High Wolf's § 2255 motion be dismissed. A dismissal on grounds of procedural default is a dismissal *with* prejudice. Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default).

**D.     No Evidentiary Hearing is Warranted**

"While '[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief,' no hearing is required 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.' " New v. United States, 652 F.3d 949, 954 (8th Cir. 2011) (quoting Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)).

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " Guzman-Ortiz v. United States, 849 F.3d 708, 715 (8th Cir. 2017) (quoting United States v.Sellner, 773 F.3d 927, 929-30 (8th Cir. 2014)). The Eighth Circuit held no evidentiary hearing was necessary because Guzman-Ortiz

12

mischaracterized the record in his challenges to his lawyer's representation during closing argument and sentencing.  Id.  Therefore, "no further factual development of the record was necessary" before denying those claims.  Id.

The district court's denial of an evidentiary hearing in Adams v. United States, 869 F.3d 633 (8th Cir. 2017), was affirmed.  Adams claimed his lawyer just told him to answer all the district court's questions at the plea hearing "yes."  Id. at 635.  Adams said he did not understand the plea documents or the plea proceeding, his lawyer never explained them to him, he only signed the documents because his lawyer told him to, said his lawyer blindly urged him to plead guilty and to answer all the judge's questions at the plea hearing by saying "yes."  Id.  Adams' lawyers submitted affidavits that backed up the record, but were not consistent with Adams' affidavit submitted in his § 2255 motion.  Id. at 634.  Judge Schreier denied the § 2255 motion without a hearing.  The Eighth Circuit said Adams' contention that his lawyer said to answer all the judge's questions "yes" was belied by the transcript of the plea hearing where he answered multiple questions "no."  Id. at 635.  Since he chose between "yes" and "no" answers when answering the court's questions, the court was permitted to hold Adams to his sworn testimony at the plea hearing that he had read the plea documents, that they were accurate, that he had discussed them with counsel, and that he understood them.  Id.

Here, no evidentiary hearing is warranted.  The record demonstrates Mr. High Wolf has procedurally defaulted all of his claims, that at least one claim is not cognizable under § 2255, and that Mr. High Wolf has not provided

evidence or law which would excuse his procedural default. Accordingly this court recommends that no evidentiary hearing be held.

## CONCLUSION

Based on the foregoing facts, law and analysis, this court respectfully recommends that the government's motion to dismiss [Docket No. 7] be granted and that Mr. High Wolf's motion [Docket No. 1] be dismissed with prejudice and without holding an evidentiary hearing.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of July, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge